IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| PETER P. MITRANO<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, and KERI A. ADORISIO,<br>Defendants. | CV 16-00013-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS ON DEFENDANTS' MOTION TO DISMISS |

**I. Synopsis**

Plaintiff Peter Mitrano, an attorney representing himself, filed a complaint alleging that Defendants violated the Posse Comitatus Act of 1878. (Doc. 1.) Mr. Mitrano requests that the Court enjoin Defendants from any further violations of the Act. Mr. Mitrano also requests that the Court declare a custody order issued by the Lebanon Family Court in Lebanon, New Hampshire void as a matter of law. (*Id.*) Defendants moved to dismiss Mr. Mitrano's claims with prejudice arguing the Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and that Mr. Mitrano failed to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 9.) Mr. Mitrano's complaint fails to allege facts conferring the Court with subject matter

1

jurisdiction over this action, and it fails to state a claim upon which relief may be granted. Accordingly, Defendant's motion should be granted and Mr. Mitrano's action should be dismissed with prejudice.

## II. Analysis

When a defendant moves to dismiss for lack of subject matter jurisdiction and failure to state a claim, the court should consider the jurisdictional challenge first. *See Bell v. Hood,* 327 U.S. 678, 682 (1946). Once the defendant challenges subject matter jurisdiction, the plaintiff has the burden to prove jurisdiction. *Kingsman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008). Federal courts have limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 8(a) requires that every complaint contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). The Court finds that Mr. Mitrano's complaint fails to comply with this requirement.

The United States' sovereign immunity precludes this Court from exercising jurisdiction in this case. The United States has sovereign immunity from suit unless it waives its immunity and consents to be sued. *Reed ex rel. Allen v. U.S. Dep't of Interior*, 231 F.3d 501, 504 (9th Cir. 2000). The existence of consent is a prerequisite for jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). A

plaintiff may not circumvent sovereign immunity by suing individual federal employees. *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996). When a plaintiff sues a federal employee for actions taken by the employee in his or her official capacity, a court must treat the suit as an action against the sovereign. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

Mr. Mitrano named the United States and Keri Adorisio, a federal employee, as defendants in this case. Mr. Mitrano provided no basis for a suit against Ms. Adorisio in an individual capacity. Therefore, the Court determines that Mr. Mitrano sued Ms. Adorisio in her official capacity.

Mr. Mitrano's complaint alleges that the United States and Ms. Adorisio violated the Posse Comitatus Act of 1878 (Act) and requests that the Court enjoin Defendants from any further violation of the Act. (Doc. 1.) The Act does not waive the United States' sovereign immunity and does provide a basis for this Court exercising jurisdiction over this claim. Mr. Mitrano's complaint fails to allege any other basis for this Court exercising jurisdiction over this claim. Accordingly, the Court finds it does not have jurisdiction over Mr. Mitrano's claim alleging a violation of the Act.

Mr. Mitrano's complaint also requests that this Court declare a final New Hampshire state court custody and child support order void as a matter of law.

(Doc. 1) Under the *Rooker–Feldman* doctrine, which takes its name from the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), a federal district court does not have subject matter jurisdiction to hear a direct appeal from a final judgment of a state court. *See Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). A losing party in state court is thus barred from seeking what in substance would be appellate review of a state judgment in federal district court, even if the party contends the state judgment violated his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994); *Allah v. Superior Court*, 871 F.2d 887, 891 (9th Cir.1989) (stating that *Rooker–Feldman* doctrine "applies even though the direct challenge is anchored to alleged deprivations of federally protected due process and equal protection rights"), superseded by statute on other grounds as stated in *Schroeder v. McDonald*, 55 F.3d 454, 458 (9th Cir.1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir.1986) ("This doctrine applies even when the challenge to the state court decision involves federal constitutional issues."). Therefore, this Court lack subject matter jurisdiction to declare the New Hampshire state court custody and child support order void.

Furthermore, Mr. Mitrano previously appealed his conviction in the United

4

States District Court for District of New Hampshire for willful failure to pay child support in compliance with the New Hampshire state court custody and child support order, and the First Circuit Court of Appeals upheld his conviction. *United States v. Mitrano*, 658 F.3d 117 (1st Cir. 2011). Therefore, the doctrine of *res judicata* bars Mr. Mitrano from relitigating in this Court whether the New Hampshire state court's child and support order is valid. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, (9th Cir. 2001) (*res judicata*, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action.). Accordingly, even if the Court had subject matter jurisdiction over this claim, which it does not, Mr. Mitrano's request for a declaratory judgment fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

Based upon the foregoing, the Court issues the following findings and recommendations:

The Court **FINDS:**

1. Plaintiff fails to show that the Court has subject matter jurisdiction over either his claim under the Posse Comitatus Act of 1878 or his claim for a declaratory judgment.

2. Even if the Court had jurisdiction over Plaintiff's declaratory judgment claim, the doctrine of *res judicata* bars Mr. Mitrano from

relitigating the matter in this Court.

The Court **RECOMMENDS:**

The district court should grant Defendants' Motion to Dismiss.

DATED this 31st day of October 2016.

John Johnston
United States Magistrate Judge