# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| PETER P. MITRANO,<br><br>                  Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA, and<br>KERI A. ADORISIO,<br><br>                  Defendants. | CV-16-13-GF-BMM<br><br>**ORDER** |

Plaintiff Peter Mitrano (Mitrano), an attorney representing himself, filed this action on February 22, 2016. Mitrano alleges that the Defendants violated the Posse Comitatus Act of 1878, 18 U.S.C. § 1385, by denying him access to Malmstrom Air Force Base because of his prior felony conviction. Mitrano requests that the Court enjoin the Defendants from any further violations of the Act. Mitrano also requests that the Court declare a child custody order issued by the Lebanon Family Court in Lebanon, New Hampshire on September 27, 2002, void as a matter of law.

Defendants have moved to dismiss Mitrano's claims. Defendants argue that the dismissal of this action is appropriate because: (1) this Court lacks subject

matter jurisdiction; and (2) Mitrano has failed to state a claim upon which relief may be granted.

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on October 31, 2016. (Doc. 24). Judge Johnston recommended that Mitrano's Complaint be dismissed because this Court lacked subject matter jurisdiction. Judge Johnston determined that the United States' sovereign immunity precluded this court from exercising jurisdiction over Mitrano's claim under the *Posse Comitatus* Act, and Mitrano's claim for declaratory relief was barred by the *Rooker Feldman* doctrine. (Doc. 24 at 2-4). Mitrano did not file objections to Judge Johnston's Findings and Recommendations.

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

  a. **Claim under the *Posse Comitatus* Act**

Mitrano has named the United States and Keri Adorisio (Adorisio) as Defendants in this action. Adorisio is a federal employee. Adorisio is Chief of the Civilian Personnel Office at Malmstrom. (Doc. 1 at 3). Mitrano has sued Adorisio

based upon actions she allegedly took in her official capacity as a government official. A suit against a federal employee for actions taken by the employee in her official capacity, is treated as a suit against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

The United States, as a sovereign, is immune from suit unless it waives its immunity and consents to be sued. *Reed ex rel. Allen v. U.S. Dep't of Interior*, 231 F.3d 501, 504 (9th Cir. 2000). The sovereign immunity of the United States extends to federal employees sued in their official capacities. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Any governmental waiver of sovereign immunity must be unequivocal. *See Franconia Assocs. v. United States*, 536 U.S. 129, 141 (2002). Federal courts lack subject matter jurisdiction over a claim against the United States absent a waiver of sovereign immunity by the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Neither 28 U.S.C. § 1331, nor the *Posse Comitatus* Act waive the United States' sovereign immunity. *See Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983); 18 U.S.C. § 1385. This Court therefore lacks subject matter jurisdiction over Mitrano's claim under the *Posse Comitatus* Act.

### a. Claim for Declaratory Relief

Mitrano requests that this Court declare a child custody order issued by a New Hampshire state court void as a matter of law. The *Rooker-Feldman* doctrine[1] "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). A de facto appeal exists when a federal plaintiff seeks relief from a state court judgment based on an alleged legal error by the state court. *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). When "a plaintiff brings a de facto appeal from a state court judgment, *Rooker-Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction." *Kougasian*, 359 F.3d at 1139.

Mitrano's claim for declaratory relief constitutes a de facto appeal of the final disposition of a New Hampshire state court. Dismissal of Mitrano's claim for declaratory relief is appropriate under the *Rooker-Feldman* doctrine.

Accordingly, IT IS ORDERED:

1. Defendants' Motion to Dismiss (Doc. 9) is GRANTED.

2. Plaintiff's Complaint (Doc. 1) is DISMISSED for lack of subject

---

[1] The *Rooker-Feldman* doctrine has evolved from the two Supreme Court cases from which its name is derived. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

matter jurisdiction.

3.  The Clerk is directed to enter judgment accordingly.

DATED this 7th day of February, 2017.

Brian Morris
United States District Court Judge